5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
AURELIO AVILA-DAMIAN, Defendant-Appellant.
 No. 92-50690.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 23, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aurelio Avila-Damian appeals his sentence for transporting illegal aliens in violation of 8 U.S.C. Sec. 1324(a)(1)(B). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We previously vacated and remanded Avila-Damian's sentence because the district court failed to adequately explain the extent of departure as required by United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991) (en banc). On remand, the district court explained the departure in this case by analogizing to the aggravated assault guideline, U.S.S.G. Sec. 2A2.2. Avila-Damian argues that the court actually applied Sec. 2A2.2. We disagree. A review of the record clearly indicates that the district court was looking to Sec. 2A2.2 only as an analogy. [ER 45-49].
 
 
 4
 Avila-Damian next argues that the extent of the departure was unreasonable because Sec. 2A2.2 is an unreasonable analogy. We review the extent of a departure for abuse of discretion. United States v. Valdez-Gonzalez, 957 F.2d 643, 647 (9th Cir.1992); United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991) (en banc) (review for reasonableness). We give great weight to a district court's choice of a departure within a permissible range of sentences. Lira-Barraza, 941 F.2d at 751.
 
 
 5
 Here, the district court's departure was not an abuse of discretion. Avila-Damian, while intoxicated, drove a car around 100 miles per hour, at night and with his headlights off, trying to flee from Border Patrol agents. He finally struck another car, causing it to flip over several times and permanently injure two passengers. Undeterred by the accident, Avila-Damian tried to restart his car and flee again, but was subsequently apprehended, after resisting arrest, by the Border Patrol Agents. Given these circumstances, the district court properly analogized to the aggravated assault guideline.
 
 
 6
 The aggravated assault guideline has a base level of 15, plus a four level enhancement for use of a dangerous instrumentality, in this case the car, and a six point enhancement for causing permanent injury. U.S.S.G. Sec. 2A.2.2. This provides an offense level of 25, which accounting for acceptance of responsibility, results in an offense level of 23. Avila-Damian was sentenced based on an offense level of 22. This sentence was reasonable under the circumstances. See United States v. MacDonald, No. 92-50021 (May 5, 1993) ("reasonableness test is not an arithmatic exercise, but an exercise of judgment").
 
 
 7
 Avila-Damian argues that the district court's departure was expressly prohibited by United States v. Hernandez-Rodriguez, 975 F.2d 622 (9th Cir.1992). We disagree. Hernandez-Rodriguez concerned the commentary to the reckless endangerment guideline, U.S.S.G. Sec. 3C1.2, which authorizes a departure if the defendant's conduct reflects a "higher level of culpability." U.S.S.G. Sec. 3C1.2 comment. Hernandez-Rodriguez held that such a departure is available only if the culpability is greater than recklessness. 975 F.2d at 625. Section 3C1.2 is not involved in this case since the district court used the aggravated assault guideline, not Sec. 3C1.2, as an analogy.
 
 
 8
 Next Avila-Damian argues that the extent of departure was unreasonable because it resulted in a greater sentence than would have resulted if the district court had used the involuntary manslaughter guideline. As Lira-Barraza held, the district court is allowed a wide range of permissible sentences. 941 F.2d at 751. The sentence imposed on Avila-Damian is within this range.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3